# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICIA BORLOGLOU,

    **Plaintiff,**

v.              **Case No: 6:16-cv-1018-Orl-41DAB**

STEAK N SHAKE OPERATIONS, INC.,

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on review of Defendant's response (Doc. 11) to the Court's Order to Show Cause why the case should not be remanded for lack of jurisdiction (Doc. 8).   For the following reasons, the Court has determined that Defendant has failed to make such a showing and it is thus **respectfully recommended** that the case be **remanded.**

  Plaintiff filed a Complaint in state court alleging violations of the Florida Minimum Wage Act, Fla. Stat. § 448.110 and the Florida Constitution. Fla.Const. Art. X §24(c).   Defendant filed a Notice of Removal (Doc. 1), contending that the matter may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 under the Court's diversity jurisdiction, asserting that it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

  Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division

embracing the place where such action is pending."   A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a).

The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007).

Removal statutes are to be strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand.").The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs." 28 U.S.C. § 1332(a).  Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met.  *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).   In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437 U.S. at 373.   The Notice provides a showing that the parties are citizens of different states.   The jurisdictional prerequisite at issue here, therefore, is the amount in controversy.

To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams,* 269 F.3d at 1319-1320.   *See also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010) (noting that a removing party may present additional evidence, such as business records and affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it").

Applied here, Plaintiff's Complaint alleges damages "in excess of fifteen thousand dollars ($15,000.00), exclusive of interests, costs, and attorney's fees." As such, Plaintiff's Complaint was "indeterminate" in that "the plaintiff ha[d] not pled a specific amount of damages, [thus] the removing defendant must prove by a preponderance of the evidence that the amount in controversy

exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. Upon review of the Notice and subsequent filings, Defendant has not met that burden.

According to the Notice, Plaintiff provided Defendant correspondence that indicated she was seeking $20,294.40 in wages, and that amount liquidated is $40,588.80.   In the show cause Order, the Court observed that this correspondence had not been tendered to the Court.   In the instant filing, Defendant attaches the correspondence as an exhibit, but misquotes it in its papers, erroneously stating that "the total requested damages [are] $52,668.80." (Doc. 11, pp. 3-4). Regardless, neither amount equals or exceeds $75,000.00.

Recognizing this, Defendant contends that Plaintiff has also pled a right to attorney's fees, and the state law provides for a statutory basis for recovery of reasonable attorney's fees as damages. As such, in the removal context, "[t]o determine whether those fees are reasonable a court may look at evidence within the complaint and the defendants may introduce their own "affidavits, declarations, or other documentation" to meet their burden." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013).   Here, Defendant tenders the Affidavit of Melanie A. Zaharias, who avers:

> 2. On April 15, 2016 at 1:30 p.m., I attended a case management conference with Kevin Vorhis, Plaintiff's counsel in Pamela Belmonte v. Steak N Shake Operations, 6:16-CV-488-0RL-41-KRS. Similar to this matter, Belmonte also alleges violations of the Florida Minimum Wage Act. During our conference, Mr. Vorhis asserted his hourly rate is "in the $350 range."
> 3. Mr. Vorhis is counsel for Plaintiff in the above captioned matter, Patricia Borloglou v. Steak N Shake.

(Doc. 11-2)

Defendant argues that the amount in controversy is met because: "When including Plaintiff's request for attorneys' fees, along with the damages she seeks, Plaintiff's claim easily satisfies the $75,000 jurisdictional requirement." (Doc. 11, pp. 4-5, citing *Alshakanbeh v. Food Lion*, No. 3:06–cv–1094–J–12HTS, 2007 WL 917354, *2 (M.D. Fla. Mar. 23, 2007), and noting: "in applying the

Court's judicial experience to the present action, if Plaintiff was to prevail at trial, she would seek at least $40,000 in attorneys' fees, if not more."

Initially, the Court observes that the Affidavit is based on rank hearsay and is otherwise of limited utility.[1] Even if the Affidavit was based on personal knowledge, it is not persuasive. As Defendant notes, Plaintiff is entitled to an award of *reasonable* attorneys' fees under Fla. Stat. §448.10(e), should she prevail. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir.1999). Here, Defendant offers no basis whatsoever to credit a rate of $350 an hour for this case and this attorney. There is no evidence as to his experience, skills or reputation, and the Court has routinely found

---

[1] Indeed, in the *Belmonte* case referenced by the Affiant, there is an outstanding Order to Show Cause with respect to a lack of showing as to the amount in controversy, in which Judge Mendoza observed:

> Here, in support of the amount-in-controversy, Defendant primarily relies on a pre-suit demand letter for unpaid wages of $26,334.40, which, when doubled for purposes of liquidated damages, totals $52,668.80 in damages. (See Notice Removal ¶ 14). According to Defendant, the consideration of attorneys' fees and costs—in addition to the $52,668.80 of unpaid wages and liquidated damages—satisfies the amount-in-controversy requirement. *The Court, however, has doubts.*

*Pamela Belmonte v. Steak N Shake Operations, Inc.,* Case 6:16-cv-00488-CEM-KRS (Doc. 10 – emphasis added).

rates much less to be reasonable for this type of work. *See e.g., Rosario v. AAA Sec. Prot., Inc.,* No. 8:14-CV-391-T-36AEP, 2015 WL 427533, at *3 (M.D. Fla. Feb. 2, 2015) (finding that an hourly rate of $350 an hour "exceeds the rates typically awarded in FLSA cases in the Middle District of Florida"); *Kelley v. TaxPrep1, Inc.,* No. 5:13-CV-451-OC-22PRL, 2015 WL 8114619, at *3 (M.D. Fla. Nov. 20, 2015), report and recommendation adopted, No. 5:13-CV-451-OC-22PRL, 2015 WL 8044920 (M.D. Fla. Dec. 7, 2015) ("based upon my own experience and familiarity with rates in the Middle District, I submit that $250 is higher than the prevailing market rate for a lawyer in an FLSA case with only two to four years of experience" – collecting cases).

Moreover, the citation to *Alshakanbeh* is not dispositive or persuasive. In that case, Judge Melton concluded that the plaintiff's attorney would spend at least 200 hours to litigate that case, noting that the estimate was "based on information provided by the Plaintiff, a review of damages awards in similar cases, and Defendant's counsel's experience regarding hours likely needed to litigate the case." *Alshakanbeh,* 2007 WL 917354, at *2. Notably, no similar information was tendered here. Moreover, as other courts have observed, *Alshakanbeh* was decided prior to the Eleventh Circuit's decision in *Lowery.* *See Henderson v. Ricoh Americas Corp.,* No. 8:09-CV-2467-T-23TGW, 2009 WL 5171775 (M.D. Fla. Dec. 22, 2009) (distinguishing *Alshakanbeh* as a pre-*Lowery* case).

As for Defendant's contention that, should Plaintiff prevail at trial, "she would seek at least $40,000.00 in attorney's fees, if not more," Judge Merryday has noted:

> A removing party (not the court) bears the burden to establish jurisdiction; a removing party (not the court) must find, identify, and prove pertinent jurisdictional facts. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir.2008); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir.1999); *see also Miller v. Soule,* 221 F. 493, 496 (E.D.Pa.1915) ("jurisdictional facts must have a pleading as well as an actual existence"). An affidavit that organizes and explicates distinct and sufficient jurisdictional facts may establish jurisdiction. *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000); *USX Corp. v. Adriatic Ins. Co.*, 345 F. 3d 190, 205 n. 12 (3d

Cir.2003); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). As "emphasized" by the Eleventh Circuit in *Sierminski*, however, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski*, 216 F.3d at 949 (quoting *Allen v. R & H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). If the removing party fails to allege in the notice of removal (or in an accompanying affidavit) facts that establish the amount in controversy or if uncertainty as to the amount in controversy persists, the removing party fails to invoke subject matter jurisdiction and remand results. *Fusco v. Victoria's Secret Stores*, 806 F.Supp.2d 1240 (M.D.Fla.2011) (Conway, J.) ("Uncertainties are resolved in favor of remand."); *Martin v. Wal–Mart Stores, Inc.*, 709 F.Supp.2d 345 (D.N.J.2010).

*Crowley v. State Farm Mut. Auto. Ins. Co.*, No. 8:13-CV-632-T-23EAJ, 2013 WL 5653362, at *1-2 (M.D. Fla. Oct. 15, 2013).   Here, at best, Defendant asks this Court to speculate that Plaintiff's claim includes at least $34,500.00 in attorney's fees.   On this record, the Court has no appropriate basis to reach such a conclusion.   It is therefore **respectfully recommended** that the matter be **remanded** to the state court from whence it came, for failure to establish subject matter jurisdiction.

### ]**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 11, 2016.

_David A. Baker_
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy